QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  David Eiseman (Bar No. 114758)
  Melissa Baily (Bar No. 237649)
  Billie Salinas (Bar No. 235193)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: davideiseman@quinnemanuel.com
       melissabaily@quinnemanuel.com
       billiesalinas@quinnemanuel.com

JENNER & BLOCK LLP
  Harry J. Roper (admitted *pro hac vice*)
  Eric L. Lohrenz (admitted *pro hac vice*)
330 N. Wabash Avenue
Chicago, Illinois 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: elohrenz@jenner.com
       hroper@jenner.com

Attorneys for Defendant
Sequus Pharmaceuticals, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| INFUTURIA GLOBAL LTD., a British Virgin Islands corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEQUUS PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C-08-4871 SBA<br><br>**[PROPOSED] ORDER GRANTING SEQUUS' MOTION TO DISMISS** |

[PROPOSED] ORDER GRANTING SEQUUS'  CASE NO. C-08-4871
MOTION TO DISMISS

<table>
<tr><td>1</td><td>THIS MATTER having been brought before the Court upon Defendant Sequus</td></tr>
<tr><td>2</td><td>Pharmaceuticals, Inc.'s ("Sequus") Motion To Dismiss Under Rule 12(b)(7) and Rule 12(b)(6)</td></tr>
<tr><td>3</td><td>and Motion To Strike Request for Attorney's Fees, and the Court having considered all papers</td></tr>
<tr><td>4</td><td>filed on behalf of Sequus and Plaintiff Infuturia Global Ltd. ("Infuturia"), ~~the oral argument of~~</td></tr>
<tr><td>5</td><td>~~counsel for the respective parties,~~ and the pleadings in this matter, this Court hereby finds as</td></tr>
<tr><td>6</td><td>follows:</td></tr>
</table>

Infuturia's Second Amended Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). In its Second Amended Complaint, Infuturia contends that Sequus' drug "Doxil" is not at issue in this case—indeed, Infuturia's allegations regarding Doxil, which were set out in a prior complaint, have already been resolved in arbitration. Infuturia has not identified any other Sequus product, compound, or drug that purportedly forms the basis of its claims for conversion and tortious interference, despite this Court's Order that it do so. Accordingly, Infuturia has not only failed to state claims to which Sequus could respond or upon which relief could be granted, but it appears that Infuturia cannot do so. *E.g.*, *Bay Indust., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 WL 3469599, at *2 (E.D. Wis. Nov. 29, 2006); *In re Verifone Litig.*, 784 F. Supp. 1471, 1486 (N.D. Cal. 1992).

Moreover, it is clear that non-party Yissum Research and Development Company of the Hebrew University of Jerusalem ("Yissum") is an indispensable party to any dispute that does exist here. Infuturia alleges that its March 1990 license agreement with Yissum ("Infuturia License") is the source of certain contractual rights. Infuturia further alleges that Sequus tortiously interfered with and converted those contractual rights by entering into a January 1995 license agreement with Yissum (the "Sequus License"). The determination of Yissum's rights and obligations under the Infuturia License and the Sequus License are thus integral to the resolution of Infuturia's dispute with Sequus. Accordingly, Yissum is a necessary party to this action pursuant to Federal Rule of Civil Procedure 19(a). *E.g.*, *Knowledgeplex, Inc. v. Placebase, Inc.*, No. C 08-4267 JF (RS), 2008 WL 5245484, at *4, *5 (N.D. Cal. Dec. 17, 2008); *Corsi v. Eagle Publ'g, Inc.*, No. 1:07-cv-02004-ESH, 2008 WL 239581 (D.D.C. Jan. 20, 2008).

1  Yissum cannot be joined as a party to this action, however, because of the binding
2  arbitration clause in the Infuturia License. Corsi, 2008 WL 239581, at *5. Accordingly, Yissum
3  is an indispensable party pursuant to Federal Rule of Civil Procedure 19(b), and Infuturia's
4  Second Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure
5  12(b)(7).

6  IT IS HEREBY ORDERED that Sequus' Motion To Dismiss Under Rule 12(b)(7) and
7  Rule 12(b)(6) is GRANTED. Infuturia's Second Amended Complaint is dismissed with prejudice.

Dated: 6/1/09

*Saundra B. Armstrong*
Hon. Saundra B. Armstrong
United States District Judge